UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAURICE V. LONG,

                                   Plaintiff,

      -against-

THOMAS GRIFFIN, SUPERINTENDENT; DR.
BERNSTEIN; EMILY WILLIAMS, EX. DEPUTY
OF ADM; MR. ALI ECE, PHYSICAL THERAPY;
DR. R. BENTIVEGNA,

                                   Defendants.

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/24/2022
```

No. 18-CV-9654 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Maurice V. Long ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violation of the Eighth Amendment as well as common law claims for negligence and emotional distress against Thomas Griffin; Dr. Frederick Bernstein; Emily Williams, First Deputy Superintendent of Administration; Mr. Ali Ece, physical therapist; and Dr. Robert Bentivegna, (together, the "Defendants"). Before the Court is Defendants' motion to dismiss the Complaint. (ECF No. 30.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

The following facts are taken from the Complaint, as well as Plaintiff's May 10, 2019 letter and the documents attached thereto (the "Letter", ECF No. 20)[1], and are construed in the light most favorable to Plaintiff, the non-movant, and accepted as true for purposes of this motion.

---

[1] The Court construes Plaintiff's letter and exhibits as supplementing the Complaint. "While a court generally 'may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss . . . the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials . . . .'" *Brown* v. *New York City Hous. Auth*., No. 05-CV-10332(VM), 2006 WL 1378599, at *1 n.2 (S.D.N.Y. May 17, 2006) (quoting *Burgess* v. *Goord*, No. 98-CV-2077(SAS), 1999 WL 33458, at *1 (S.D.N.Y. Jan. 26, 1999)).

While incarcerated at Green Haven Correctional Facility ("Green Haven"), Plaintiff was in a wheelchair for an undisclosed amount of time. (Compl. at 3.) The wheelchair provided was over fifteen to twenty years old. (Letter at 1.) On January 30, 2017, Plaintiff went to physical therapy. (*Id*. at 2.) Here, Defendant Ece told him to take his wheelchair to the repair shop to see if they could change the wheels during his treatment. (*Id*.) Later, Plaintiff was told they could not change the wheels. (*Id*.) Ece then told Plaintiff he would try to get him a new wheelchair, but after visiting the repair shop stated there was nothing they could do. (*Id*.)

Later this same day, Plaintiff was returning from the bathroom when his wheelchair collapsed after the bottom axle broke in half and the two sides of the wheelchair trapped him in. (*Id*.; Compl. at 3.) Green Haven staff and other inmates ran over to help, and a Medical Emergency Code was called. (Compl. at 3-4; Letter. at 2.) Staff pulled him out of his wheelchair and laid him on the floor, and he was in extreme pain. (Letter. at 2.) He began to experience pain in his chest due to an undisclosed heart problem and had to take medication. (*Id*.) Plaintiff was then helped into a hospital wheelchair and taken to the hospital. (*Id*.) On January 31, 2017, Plaintiff was provided a different wheelchair to use that he claimed was not in good condition. (Letter at 60.) On March 8, 2017, Dr. Bentivegna notified Plaintiff that the facility received a shipment of new wheelchairs, and on March 13, 2017 Plaintiff received a new wheelchair. (*Id*. at 31; 45.) Plaintiff states "P.T. staff" told him there was no money for new wheelchairs until after he got hurt. (*Id*. at 1.)

Plaintiff alleges he had many problems with his old wheelchair and had written to the Defendants for help and went to "Sick-Call" multiple times. (Compl. at 4.) On January 27, 2017, three days before the incident, he states one wheel on the wheelchair popped off in front of Defendant Williams and she and others helped fix it. (Letter at 3.) Plaintiff alleges that he now has to wear a back brace, take pain medication, and undergo sleep studies as his sleep has been

impacted by the pain.  (Compl. at 4.)

Plaintiff filed suit on October 19, 2018 (ECF No. 2) and filed a letter supplementing the Complaint on May 22, 2019 (ECF No. 20.)  Defendants were granted leave to file a motion to dismiss on April 23, 2021 (ECF No. 26) which was filed on July 9, 2021 (ECF No. 29.)  Plaintiff did not file an opposition.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 679.  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency."  *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).  While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 555.  A

3

motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("Section 1983 . . . is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotation marks omitted). To state a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013).

Reading the Complaint liberally, Plaintiff alleges a violation of the Eighth Amendment pursuant to Section 1983 for conditions of confinement.[2]   (Compl. at 6.)   Plaintiff does not explicitly state in his Complaint whether he is a pre-trial detainee or inmate.   Regardless of his classification, however, the Constitution requires that prison officials "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care."   *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment," whereas an inmate's claims arise under "the Cruel and Unusual Punishments Clause of the Eight Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). In either case, to set forth a Section 1983 claim for conditions of confinement, a plaintiff must show that an individual "acted with deliberate indifference to the challenged conditions." *Sanders v. City of New York*, No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018). This deliberate indifference test contains an objective prong and a subject prong. *Darnell*, 849 F.3d at 29.

Under the deliberate indifference test, "[t]he objective prong is the same under either [the Eighth or Fourteenth Amendment] analysis: It requires that the deprivation at issue be, 'in objective terms, sufficiently serious.'" *Simmons v. Mason*, No. 17-CV-8886 (KMK), 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019).   A plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the

---

[2] Plaintiff also appears to be attempting to assert a Section 1983 claim for discrimination as "[other] inmates got better wheelchairs" while he was given "a [f]ix me up."   (Compl. at 6.)   However, Plaintiff fails to assert on what basis he was discriminated against, and by who.   *See Amaker v. Lee*, No. 13-cv-5292(NSR), 2019 WL 1978612, at *7 (E.D.N.Y. May 3, 2019) (dismissing claim where the plaintiff's "reference to discrimination . . . [was] conclusory" as "it [was] unclear [from] the face of the [Complaint] on what basis [the defendant] allegedly discriminated against Plaintiff or how discrimination motivated his failure to adhere to the directive.").

conditions themselves must be evaluated in light of contemporary standards of decency.'"  *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).

Conversely, the subjective prong differs between the Fourteenth and Eighth Amendment analyses.  Under the Eighth Amendment, a convicted prisoner must show that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837.  On the other hand, under the Fourteenth Amendment, a plaintiff must plausibly allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-CV-9968 (NSR), 2018 WL 3910829, at *2 (S.D.N.Y. Aug. 14, 2018) (internal quotations omitted).  This standard is "defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts . . . have subjected the pretrial detainee to a substantial risk of harm." *Darnell*, 849 F.3d at 35.

Here, Defendants aver that dismissal is warranted as negligence is insufficient for a constitutional claim.  (Defendants' Memorandum of Law in Support of Dismissal Per Fed. R. Civ. P. 12(b)(6) ("Mem.") ECF No. 30 at 5-6.)  The Court agrees.  In short, Plaintiff's Complaint alleges that he was provided an old wheelchair, Defendants were aware that his wheelchair was old, and that the wheelchair eventually broke, injuring him.  As courts have generally held that permitting an inmate to use prison equipment that is old or broken merely constitutes negligence, Plaintiff's allegations, taken together, do not demonstrate deliberate indifference. *See Allen v. Stringer*, No. 20-3953, 2021 WL 4472667, at *1 (2d Cir. Sept. 30, 2021) ("Allen alleges that he slipped or tripped

on broken stairs, causing him to fall.  But while the existence of broken stairs could be deemed to constitute negligence on the part of the prison, broken stairs alone cannot satisfy the objective prong of a conditions-of-confinement claim."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) ("Although plaintiff alleges that defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim . . . all that plaintiff has alleged is that defendants failed to exercise due care in not installing non-slip mats in the shower.  That is not enough.").  As negligence is insufficient under the deliberate indifference test, *Figueroa v. Cty. of Rockland*, No. 16-cv-6519 (NSR), 2018 WL 3315735, at *7 (S.D.N.Y. July 5, 2018) ("The Second Circuit has explicitly held that, with respect to conditions of confinement, the defendant-official must have acted recklessly or intentionally . . . negligence will not suffice . . . ."), Plaintiff's allegations do not raise a constitutional claim.

Accordingly, Plaintiff's Section 1983 claim is dismissed.

## I.    State Law Claims

Plaintiff also appears to be bringing common law claims for negligence and negligent infliction of emotional distress.  (Compl. at 6.)  However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  With the dismissal of Plaintiff's Section 1983 claim against all Defendants, there remains no independent jurisdictional basis for his remaining state law claims, if any.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").  In addition, where the federal claims are dismissed at an early stage

in the litigation, the Second Circuit has generally held that it is inappropriate for the district court to exercise supplemental jurisdiction. *See, e.g., Giordano v. City of New York*, 274 F.3d 740, 754–55 (2d Cir. 2001); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998); *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991).  Accordingly, at this time, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, if any, against Defendants.

## II.    Leave to Amend

Lastly, Defendants argue that the Court should dismiss the Complaint with prejudice. (Mem. at 7.)  However, *pro se* plaintiffs are allowed an opportunity to amend their complaint before the Court will dismiss it with prejudice.  *Owens v. N.Y.C. Dep't of Sanitation*, No. 11-CV-8297(ALC), 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) ("[A] court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"); *Breer v. Maranville*, No. 12-CV-0053, 2012 WL 6597707, at *3 (D. Vt. Nov. 27, 2012) ("The Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted).  Therefore, the Court will not dismiss the Complaint with prejudice at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff is granted leave to file an Amended Complaint consistent with this Opinion and Order on or before, May 23, 2022.  An Amended Civil Rights Complaint form is attached to this Order.  Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 29.  The

Clerk of Court is further respectfully directed to mail a copy of this Opinion & Order to the *pro se*

Plaintiff at the address listed on ECF, and to show proof of service on the docket.


Dated:   March 24, 2022                                         SO ORDERED:
         White Plains, New York


                                              _____
                                                     NELSON S. ROMÁN
                                                United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                 Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

Defendant 2:

First Name                 Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

Defendant 3:

First Name                 Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

Defendant 4:

First Name                 Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                   Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____