UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE V. LONG,

                    Plaintiff,

-against-

THOMAS GRIFFIN, SUPERINTENDENT;
DR. BERNSTEIN; EMILY WILLIAMS,
EX. DEPUTY OF ADM; MR. ALI ECE,
PHYSICAL THERAPY; DR. R.
BENTIVEGNAS,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2022

18-CV-9654 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      On September 30, 2022, the Court issued an Order to Show Cause directing *pro se* Plaintiff Maurice V. Long to show cause in writing on or before October 26, 2022, as to why his claims against Thomas Griffin; Dr. Frederick Bernstein; Emily Williams, First Deputy Superintendent of Administration; Mr. Ali Ece, physical therapist; and Dr. Robert Bentivegna, (together, the "Defendants") should not be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 38.)  The Court expressly warned Plaintiff that failure to comply with the Court's show cause order would result in dismissal of this action for want of prosecution.  (*Id*.) The Court's order was subsequently mailed to Plaintiff at the Wyoming Correctional Facility, P.O. Box 500. Attica, NY 14011-0511.  However, on October 18, 2022, the order was returned to the Court and marked "Return To Sender Insufficient Address Unable To Forward."  According to the New York State Department of Corrections and Community Supervision inmate database and Vinelink, Plaintiff was released on parole on September 13, 2022. The Court has not received any information regarding Plaintiff's change of address or contact information.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[ ] . . . of any change of address.").

This case cannot proceed unless the Court and defense counsel are able to contact Plaintiff. *See Pagan v. Westchester Cnty.*, 12-CV-7669, 2014 WL4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *Thornton*, 2014 WL 2805236, at *2.

Accordingly, given Plaintiff's failure to keep his address current, the Court is unable to communicate with him. And because Plaintiff has not otherwise communicated with the Court for over six months, it appears that Plaintiff has abandoned this case. *See Greene v. Sposato*, 16-CV-1243 (JMA) (ARL), 2019 WL 1559421, at *1–2 (E.D.N.Y. Apr. 9, 2019). The Court therefore DISMISSES the above-captioned action without prejudice for want of prosecution.

3

The Clerk of the Court is directed to terminate this action, to mail a copy of this order to pro se Plaintiff at his last known address, and to show service on the docket.

Dated: November 28, 2022
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

3